# UNITED STATES DISTRICT COURT

For the

Eastern District of North Carolina

Southern Division

Case No. _____

| | | |
|---|---|---|
| FRANK BLACKMON and<br>LINDSEY BLACKMON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Jury Trial Demanded: Yes |
| | ) | |
| vs. | ) | |
| | ) | |
| VALLEY PROTEINS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE
### 28 U.S.C. § 1332; Diversity of Citizenship

NOW COMES Plaintiffs, Frankie Blackmon and Lindsey Blackmon, by and through counsel, complaining of Defendant saying and alleging:

### **JURISDICTION AND PARTIES**

1. Plaintiff, Frank Blackmon (hereinafter "Mr. Blackmon") and Lindsey Blackmon (hereinafter "Ms. Blackmon") are citizens and residents of Duplin County, North Carolina.

2. At all relevant times, Mr. Blackmon and Ms. Blackmon are and have been husband and wife.

3. Defendant Valley Proteins, Inc. (hereinafter "Defendant") is a business corporation organized and existing pursuant to the laws of the State of Virginia with a principal place of business located at 1309 Industrial Drive, Fayetteville, Cumberland County North Carolina 28301, and registered office located at 2626 Glenwood Ave., Suite 550, Raleigh, Wake County, North Carolina 27608.

4. At all relevant times, Defendant engaged in business in the counties of Duplin and Cumberland, in North Carolina

5. At all relevant times, Defendant was engaged in the ownership and operation of various processing plants across the United States, including the plant located at 469 Yellow Cut Road, Rose Hill, North Carolina (hereinafter "Plant"), which handles the rendering and recycling of animal by-products for the production and manufacture of "value-added animal feed ingredients."

6. This Court has personal jurisdiction over Defendant because it is a business corporation registered in North Carolina as Valley Proteins, Inc. with a principal place of business located at 1309 Industrial Drive, Fayetteville, Cumberland County, North Carolina, 28301.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds Seventy-five Thousand dollars ($75,000.00).

## FACTUAL ALLEGATIONS AND
## FIRST CLAIM FOR RELIEF

8. This action arises from injuries suffered by the Plaintiff, Mr. Blackmon, from an explosion and fire that occurred on March 11, 2020, at the Plant owned by the Defendant, located at 469 Yellow Cut Road, Rose Hill, North Carolina.

9. At all times alleged in this complaint, Mr. Blackmon was an employee of Coastal Plains Maintenance Services, Inc. (hereinafter "Coastal") and was employed and working as a supervisor engaged in industrial maintenance, equipment assembly, welding and concrete work.

10. Coastal is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Teachey, Duplin County, North Carolina, and is primarily a welding service company.

11. At all relevant times, there was an ongoing contractual relationship between the Defendant and Coastal. In March of 2020, Coastal had been performing contracted services at the Plant for the Defendant for multiple months. The services provided by Coastal included, but was not limited to, industrial maintenance and completing additions to larger construction projects, all of which required differing levels of welding to be performed.

12. At all relevant times, Mr. Blackmon was acting in his capacity as an employee for Coastal performing various industrial maintenance related tasks, which routinely included participating and assisting in on-site welding projects.

13. On the morning of March 11, 2020, Mr. Blackmon and four (4) of his co-workers, Edwin Steven Lester, Eddie Flores, Juan Marin, and Freddie Garcia, during the course and scope of their employment, at Defendant's Plant, were in the process of finishing the installation of a new bypass screw conveyor system which they had been working on for approximately two (2) weeks,

14. The final portion of the system installation required Mr. Blackmon and his co-workers to work inside the Plant to weld parts of the bypass screw conveyor system together.

15. On March 11, 2020, Mr. Blackmon had been cutting steel outside of the plant. After finishing cutting a piece of steel, Mr. Blackmon went inside the plant to place the newly cut piece of steel on a transition so it could be welded into place. After leaving the piece of steel with his co-workers, Mr. Blackmon turned to leave and an explosion occurred as Edwin Flores began to start welding, causing Mr. Blackmon and his co-workers severe burns which required them being air-lifted to the UNC Hospital Burn Center.

16. On March 11, 2020, Defendant, by and through one or more of its actual or apparent agents, was negligent and breached its duty of care by failing to provide a safe workplace for Mr. Blackmon, thereby causing an explosion in the area where welding was taking place as a necessary part of the contracted services performed by Mr. Blackmon and his co-workers.

17. On March 11, 2020, Defendant, by and through one or more of its actual or apparent agents, was negligent and breached its duty of care by causing or allowing to be caused an unsafe condition which caused an explosion in the area where welding was taking place as a necessary part of the contracted services performed by Mr. Blackmon and his co-workers.

18. On March 11, 2020, Defendant, by and through one or more of its actual or apparent agents, was negligent and breached its duty of care in one or more of the following respects, and its acts/omissions were a proximate cause of the explosion and/or fire resulting in significant injuries to Mr. Blackmon as described herein:

   a. Defendant, who was responsible for authorizing cutting or welding operations did not designate precautions to be followed in granting authorization to proceed;

   b. Defendant did not outline specific written procedures/precautions in a "welding permit" to control/mitigate airborne dust and dust accumulation in the work environment when welding was required;

c. Defendant's hazard communication program did not include methods the corporation used to inform other employer(s) and/or contract employees, such as Mr. Blackmon, of any precautionary measures that needed to be taken to protect the aforesaid individuals during the corporation's normal operations and in foreseeable emergencies;

d. Defendant's hazard communication program did not implement specific written procedures or methods to communicate combustible dust hazards and precautions to take for the welding to be performed;

e. Defendant permitted welding, cutting and/or heating to be completed where the presence of combustible dust, Hexane or other flammable chemicals or substances created a hazard;

f. Defendant did not develop, implement, and/or maintain at the Plant, a written hazard communication program with procedures or methods to communicate combustible hazards and precautions to take for Mr. Blackmon and other contract employees who were welding at the Plant;

g. Defendant did not have a material safety data sheet for each hazardous chemical used at the Plant;

h. Defendant did not provide its employees with effective information and training on hazardous chemicals in their work area at the time of their assignment and when new chemical hazards were introduced into their work areas;

i. Upon information and belief, Defendant's negligence as outlined and alleged in paragraph's 16(a) through 16(h) represent violations of the Occupational Safety and Health Standards for General Industry, a safety statute that has the force of law pursuant to N.C. Gen. Stat. § 95-131 and the Rules and Regulations of the North Carolina Department of Labor, and Defendant's violations is negligence *per se.*

j. Defendant's acts and omissions constitute a breach of its continuing duty, owed to Mr. Blackmon, to warn of and/or remedy hazards inside the Plant;

k. Defendant was negligent in other respects as may be shown a trial.

19. Mr. Blackmon suffered severe burns and other injuries as a direct and proximate result of Defendant's negligence and breach of duty, as described herein.

20. Due to the injuries sustained as a result of the explosion and fire on March 11, 2020, Mr. Blackmon has received medical treatment, and has undergone a medical procedure(s), including but not limited to multiple skin grafts on his arms, ears, knee, and stomach as well as photothermolysis of burn and /or traumatic scars,

21. Mr. Blackmon continues to incur additional medical expenses and is informed and expects to incur further expenses for future medical treatment.

22. As a result of the injuries suffered from the explosion and fire on March 11, 2020, Mr. Blackmon suffered injuries or conditions that are permanent in nature and life altering. The injuries directly and detrimentally impacted Mr. Blackmon's personality, lifestyle, and interactions with his family friends.

23. As a result of the injuries aforesaid, Mr. Blackmon has suffered and continues to suffer permanent and painful injuries, which are the immediate and necessary consequences of said injuries caused by Defendant's negligence.

24. As a result of the medical treatment and procedures required for the injuries suffered due the Defendant's negligence, Mr. Blackmon has incurred damages including but not limited to medical bills, lost wages, loss from inability to perform ordinary labor, reduced capacity to earn money, loss of consortium, lost opportunity, pain and suffering, and permanent impairment, with such damages having a monetary value in excess of seventy-five thousand dollars ($75,000).

## SECOND CLAIM FOR RELIEF

25. That the allegations contained in paragraphs 1 – 24 of this Complaint are hereby re-alleged and incorporated by reference.

26. As a result of the injuries to her husband, Ms. Blackmon has suffered the loss of marital services, society, affection, companionship and sexual relations

**WHEREFORE**, Mr. Blackmon and Ms. Blackmon pray the Court as follows:

1. That Mr. Blackmon and Ms. Blackmon have and recover judgment against Defendant in an amount in excess of $ 75,000.00, together with interest as by law allowed from the date of the filing of this action;

2. That Mr. Blackmon and Ms. Blackmon have a trial by jury as provided by law;

3. That the costs of this action be taxed against Defendant, including a reasonable attorney's fee if by law allowed; and

4. That Mr. Blackmon and Ms. Blackmon have such other and further relief as the Court may deem just, equitable and proper.

This the 16th day of December, 2021.

Speaks Law Firm, P.C.

By:  _R. Clarke Speaks_ JRF
R. Clarke Speaks
Clarke@speakslaw.com
NC Bar No.: 24538
Attorney for Plaintiffs


John R. Fonda
jfonda@speakslaw.com
NC Bar No.: 14103
Attorney for Plaintiffs


OF COUNSEL:

SPEAKS LAW FIRM PC

2808 Market Street
Wilmington, NC 28403
(910) 341-7570 T